UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIMBERLY R. BANGLE, | § § | |
| V. | § § | CIVIL ACTION NO. 4:14-CV-240-O |
| GARY D. BANGLE | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSING CASE PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e) AND FOR LACK OF SUBJECT-MATTER JURISDICTION

On April 7, 2014, *pro-se* plaintiff Kimberly R. Bangle ("Bangle") filed a complaint pursuant to the Texas Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") against Gary Bangle, the father of her child. (Plaintiff's Complaint ("Pl.'s Compl.") at 1-4.) In the complaint, Bangle asserts various claims against Gary Bangle for improperly removing her child from the state of Texas pursuant to an alleged custody order made in the 18th Judicial District Court of Sedgwick County, Kansas. (*Id.*) *See also* Tex. Family Code Ann. § 152.001, *et seq*. Bangle requests "a subpoena and ask[s the] Court for a pick up order . . . [to] bring the said child to his 'home state' Texas." (Pl.'s Compl. at 4.) Along with the complaint, Bangle also filed a Motion for Leave to Proceed In Forma Pauperis, which was granted by the Court on April 9, 2014.

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if a plaintiff fails to allege the

1

"grounds" of his "entitlement to relief." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 n.3 (2007). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 556. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atlantic*, 550 U.S. at 555)).

In this case, Bangle's claims all appear to be made pursuant to the UCCJEA. Such claims, however, fail because they do not state a cognizable cause of action as the "UCCJ[E]A does not create any federal right of action, as it is a state procedural act." *Becker v. State of Cal.*, 17 F.3d 393, 1994 WL 41073, at *1 (9th Cir. 1994); *Cahill v. Kendall*, 202 F. Supp. 2d 1322, 1328 (S.D. Ala. 2002). Consequently, the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), recommends dismissal of all Plaintiff's claims.

Furthermore, a plaintiff's claim for relief will be dismissed when the complaint fails to establish a basis for subject-matter jurisdiction. Fed. R. Civ. P 12(b)(1).[1] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998). However, a complaint should not be dismissed unless the plaintiff can establish no set of facts in support of his claim which would entitle him to relief. *Id.*

Pursuant to the Rooker-Feldman doctrine, a Court lacks subject-matter jurisdiction to hear a case if the Plaintiff's claims are requesting, in essence, that the federal district court issue a decision which would have the effect of overturning a state-court judgment. The *Rooker-Feldman* doctrine derives its name from two United States Supreme Court cases decided sixty

---

[1] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h).

2

years apart. The first, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) held that, by statute, jurisdiction over appeals from state court lies exclusively in the United States Supreme Court and is beyond the original jurisdiction of federal district courts. The second, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983), held that this jurisdictional bar extends to particular claims "inextricably intertwined" with those which a state court has already decided. The essence of the *Rooker-Feldman* doctrine is that a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see Crank v. Crank*, No. Civ. A. 3:96-CV-1984-D, 1997 WL 22815, at *2 (N.D. Tex. Jan. 14, 1997) (stating that "[j]udicial errors committed in state court are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of the lower federal courts").

In this case, Bangle is clearly challenging the decision of the child custody determination made by the Kansas state court. She is seeking to get the state-court judgment vacated and the child returned to her. Bangle should have raised such issues in an appeal from the state-court's decision. Because this federal court action is "inextricably intertwined" with the state-court ruling, this Court, pursuant to the Rooker-Feldman doctrine, does not have subject-matter jurisdiction to hear the case.

## **RECOMMENDATION**

It is recommended that the above styled and numbered cause be dismissed pursuant to the provisions set forth in 28 U.S.C. § 1915(e)(2) and because this Court lacks subject-matter jurisdiction to hear the case.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 6, 2014**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 22, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv